IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 26, 2012 Session

# DKB TRUCKING COMPANY, LLC v. JNJ EXPRESS, INC.

**Appeal from the Circuit Court for Putnam County**
**No. 08J0206     John J. Maddux, Judge**

**No. M2012-00008-COA-R3-CV - Filed September 5, 2012**

Plaintiff sued for damages for the destruction of a tractor and trailer and for the loss of its use. Defendants moved for a directed verdict, arguing that loss of use and/or loss of profits cannot be recovered because the property was destroyed and it was not unique. The jury found liability for the destruction of the property and for loss of use and/or loss of profits. The trial court then granted a directed verdict on the loss of use/loss of profits, stating that such damages cannot be recovered for destroyed property. Plaintiff appeals. We reverse.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P. J. and RICHARD H. DINKINS, J., joined.

Timothy A. Housholder, Knoxville, Tennessee, for the appellant, DKB Trucking, LLC

Trevor L. Sharpe and Raymond G. Lewallen, Jr., Knoxville, Tennessee, for the appellee, JNJ Express, Inc.

## OPINION

DKB Trucking, LLC ("DKB") is licensed by the federal government and the Commonwealth of Virginia to haul hazardous materials. On February 28, 2008, a collision occurred in Putnam County involving a tractor-trailer owned by DKB and one owned by JNJ Express, Inc. ("JNJ"). DKB's tractor and trailer were totally destroyed. Dwayne Burris, the owner of DKB, testified that the tractor was a conventional 1998 Kenworth with an added "wet line," which was necessary to haul hazardous waste because it provided power to run a vacuum tanker. DKB replaced the trailer, but did not replace the tractor even though four were located that were similar to the destroyed Kenworth. DKB provided proof that the tractor and trailer were worth about $45,000.

Not surprisingly, the hauling of hazardous materials is heavily regulated. Each of DKB's tractors must have proper licensure, permits and placards. The process of obtaining the proper documents can take three months. DKB provided testimony that the average revenue earned by the truck had been approximately three thousand seven hundred dollars a week ($3,700).

Prior to trial, JNJ filed a motion in limine seeking to prohibit DKB from asserting a claim for loss of use and/or lost profits for the tractor-trailer. The trial court denied the motion.[1] After DKB concluded its proof, JNJ moved for a directed verdict and requested the trial court to rule that DKB could not recover damages for loss of use or lost profits. The trial court took the motion under advisement.

Prior to closing arguments, the trial court bifurcated the issue of damages. Closing arguments, jury instructions and jury deliberations were first held on the issue of liability for the fair market value of the tractor-trailer. The jury found JNJ liable for the destruction of the tractor-trailer and awarded damages of $45,000. Then, closing arguments, jury instructions and jury deliberations were had on the issue of loss of use or lost profits. The jury awarded DKB $44,000 for loss of use and/or lost profits. The trial court then granted JNJ's motion for a directed verdict, holding that DKB could not recover for the loss of use or lost profits. DKB filed a motion to alter or amend the judgment as to the loss of use and/or lost profits, which the trial court denied. DKB appealed the trial court's granting of the directed verdict, prohibiting DKB from recovering for loss of use and/or lost profits.

STANDARD OF REVIEW

A trial court may direct a verdict on an issue of law because the determination of legal questions is the province of the court, not the jury. *In re Estate of Marks*, 187 S.W.3d 21, 27 (Tenn. Ct. App. 2005). Thus, the appellate court reviews the trial court's decision de novo without a presumption of correctness. *Duran v. Hyundai Motor Am., Inc.*, 271 S.W.3d 178, 206 (Tenn. Ct. App. 2008).

ANALYSIS

The trial court determined that, as a matter of law, DKB could not obtain damages for loss of use and/or loss of profits:

The Court is of the opinion that the measure of damages for personal property

---

[1]The order denying the motion in limine does not appear in the record. Both parties' briefs assert that the motion was denied.

either lost or destroyed, as was the case in this case before the Court here today, that that measure of damages is a fair market value of that property at the time and place of [its] loss or destruction. And consequently, the Court is of the opinion that the Plaintiff cannot recover for loss of use in regard to this destroyed property.

This Court has held that the general rule in Tennessee is that "lost profits are not recoverable when the plaintiff's personal property has been completely destroyed and is not capable of being repaired." *Tire Shredders, Inc. v. ERM-North Cent., Inc.*, 15 S.W.3d 849, 855 (Tenn. Ct. App. 1999). However, "we recognize that a plaintiff may recover damages for loss of use or lost profits when the plaintiff's personal property has been negligently destroyed by the defendant *and the property cannot be replaced within a reasonable period of time.*" *Id*. at 857 (emphasis added). JNJ maintains that the tractor, unlike the tire shredder machine that was the subject of the *Tire Shredders* case, was not of such a unique character as to be incapable of replacement within a reasonable period of time. In support of its argument, JNJ refers to Dwayne Burris's testimony that the tractor was a conventional 1998 Kenworth and that four similar tractors were available for purchase following the accident.

JNJ's emphasis on the unique character of the destroyed property is somewhat misplaced. The court's emphasis in *Tire Shredders* was not placed upon the uniqueness of the destroyed property, but on the ability to replace it within a relatively short period of time. The court's explicit holding was:

> [W]e recognize an exception to the general rule set forth in Tennessee Pattern Jury Instruction 14.40 and hold that, if the plaintiff's personal property has been completely destroyed by the negligence of the defendant and cannot be replaced within a reasonable period of time, the plaintiff may recover damages from the defendant for the loss of use of the property or for profits lost as a result of the destruction of the property.

*Id*. In the *Tire Shredders* case, the uniqueness of the tire shredder was the major factor in the inability to replace it in a reasonable amount of time, but the opinion does not limit the factors a court or jury may consider in determining what the reasonable amount of replacement time may be in a given situation.

DKB maintains that the regulations involved in the hazardous waste hauling industry lengthen the time it takes to replace a tractor. Implicit in DKB's argument is that a tractor is not "replaced" by the mere purchase of a subsequent tractor. The newly purchased tractor must be examined and mechanical issues resolved. Furthermore, a tractor cannot be used to haul hazardous waste until it has met the federal and state (in this case, Virginia)

requirements as evidenced by licensure and permits. Only after these requirements are met, and the subsequent tractor is put into service, is the destroyed tractor "replaced." The unrebutted testimony of Dwayne Burris was that the replacement period is about three months.

We hold that, under the circumstances of this case, loss of use or lost profits may be recovered for the reasonable amount of time it takes to put the replacement tractor into service. Consequently, we reverse the trial court's grant of the directed verdict and reinstate the judgment of the jury.

Costs of appeal are assessed against JNJ Express, Inc., for which execution may issue if necessary.

_____

ANDY D. BENNETT, JUDGE